UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUN DAE LEE,

        Plaintiff,

                                          File No.  1:03-CV-267

v.

                                          HON. ROBERT HOLMES BELL

JOHN PUTZ, M.D.,

        Defendant.

                                           /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss for lack of subject matter jurisdiction filed by Defendant John Putz, M.D.  This case was originally filed in state court in March 2003.  After removal to this Court, the case was dismissed for lack of subject matter jurisdiction on December 10, 2003.  *Lee v. Putz*, 1:03-CV-267 (Docket #42).  The Court held that it lacked jurisdiction over Plaintiff's medical malpractice claim because the affidavit of merit filed with the complaint did not include a certificate of the out-of-state notary's authority.  Under Michigan law, absent the appropriate certification, an affidavit is null and void.  Accordingly, the Court dismissed Plaintiff's claim with prejudice.

Following the dismissal, Plaintiff pursued two differing courses of action.  On December 23, 2003, he filed a second, identical medical malpractice complaint in Ingham County Circuit Court.  Apparently, this complaint included a properly certified affidavit of merit.  The second case was removed to this Court in February 2004 but was remanded to

state court the following month.  *See Lee v. Putz*, 1:04-CV-94 (Docket #1, 28).  The state court eventually dismissed Plaintiff's claim with prejudice.  In addition to filing the second cause of action, Plaintiff also appealed this Court's dismissal of his original claim.  *Lee*, 1:03-CV-267 (Docket #62).

Prior to the Sixth Circuit's ruling on the appeal, the Michigan Court of Appeals issued an opinion in *Apsey v. Memorial Hosp.*, 266 Mich. App. 666, 702 N.W.2d 870 (2005), concluding, as did this Court, that a medical malpractice affidavit of merit must satisfy the certification requirements set forth in MICH. COMP. LAWS § 600.2921d(1). 266 Mich. App. at 676, 702 N.W.2d at 877-78.  Consequently, the court held that an affidavit of merit that did not include the proper certification did not toll the statute of limitations.  *Id*. at 678, 702 N.W.2d at 878.  The court, however, also held that the rule would have prospective application only and allowed plaintiffs in all pending medical malpractice cases to come into compliance with the certification requirements.  *Id*. at 682, 702 N.W.2d at 881.  But, the court also noted that "justice and equity also dictate a strict application from the date of this opinion. From the date of the issuance of this opinion, any affidavit of merit acknowledged by an out-of-state notary filed without the proper certification will not toll the period of limitations because the legal community is now on notice." *Id.*. at 682-83, 702 N.W.2d at 881.

The Sixth Circuit, applying the *Apsey* court's direction that non-compliant plaintiffs whose cases were pending when *Apsey* was issued could file the proper certification,

reversed and remanded Plaintiff's case to this Court. The mandate from the Sixth Circuit was issued August 31, 2005. Following the remand, Plaintiff did not file an affidavit of merit with the proper certification, thus prompting Defendant's second motion to dismiss. In response to Defendant's motion to dismiss, Plaintiff has attached a copy of a certified affidavit of merit apparently filed with the complaint in the second state court action.

*Apsey* clearly held that in order to comply with Michigan law and toll the period of limitations in a medical malpractice case, an affidavit of merit acknowledged by an out-of-state notary must comply with the additional certification requirements set forth in MICH. COMP. LAWS § 600.2102.   266 Mich. App. at 676, 702 N.W.2d at 877-78. The court also allowed plaintiffs with medical malpractice cases pending to "come into compliance by filing the proper certification." *Id*. at 683, 702 N.W.2d at 881. While the court did not indicate a specific time period in which plaintiffs' must comply with the certification, it did caution that "strict application" of the rule was required because "the legal community is now on notice." *Id*. Further, in applying *Apsey* to this case, the clear implication of the Sixth Circuit's order is that Plaintiff would file an affidavit of merit with the proper certification upon remand. *See e.g.*, *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Upon remand of a case for further proceedings after a decision by the appellate court, the trial court must 'proceed in accordance with the mandate and the law of the case as established on appeal.' The trial court must 'implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'") (quoting *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991) (Citations omitted)).

3

Since this case was remanded to this Court, Plaintiff has made no attempt to correct the defective affidavit of merit filed with his complaint. Plaintiff has had ample time to correct the defect, yet, has not done so. And when finally called to account for this lack of diligence, he files a copy of an affidavit of merit filed in a different case.[1] He also asserts that the filing of a proper affidavit in a *separate and distinct state court matter* somehow absolves him of the filing requirement in *this case*. Whether Plaintiff has complied with the relevant filing requirements in another case is of no concern to this Court. The fact remains that he has not filed a proper affidavit of merit in this case. Absent the filing of the affidavit of merit, the statute of limitations is not tolled, and consequently, Plaintiff's case must be dismissed. *Id*. at 678, 702 N.W.2d at 878; *Mouradian v. Goldberg*, 256 Mich. App. 566, 664 N.W.2d 805 (2003); *Bartlett v. N. Ottawa Cmty. Hosp.*, 244 Mich. App. 685, 625 N.W.2d 470 (2001).

In many respects, Plaintiff's failure to comply with this simple requirement comes as no surprise. Plaintiff's lack of diligence in prosecuting this case, complying with discovery requests, and adhering to the Court's orders has been on display throughout this matter. As the Magistrate Judge recently stated in denying Plaintiff's motion to extend discovery, "[t]he record in this case is characterized by complete inaction on the part of plaintiff, . . . [he] has not demonstrated diligence at any point in the long history of this case." *Lee*, 1:03-CV-267,

---

[1] In addition, the filing of the affidavit of merit was in direct contravention to the Court's local rules. Local Rule 5.7(d)(iii) specifies that an affidavit may be filed electronically "if a signed original document is also filed and a copy served on all other parties." W. D. Mich. LcivR 5.7(d)(iii). Plaintiff has not filed a signed original affidavit of merit in this case.

Order Denying Mot. to Extend Discovery (Docket #108). In this case, Plaintiff was required to file an affidavit of merit that complied with the certification requirements of MICH. COMP. LAWS § 600.2102. He has not done so. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's second motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) (Docket #90) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim is dismissed with prejudice.

Date:   March 31, 2006        /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              CHIEF UNITED STATES DISTRICT JUDGE