UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUN DAE LEE,

        Plaintiff,

v.

        File No. 1:03-CV-267

JOHN D. PUTZ, M.D.,

        HON. ROBERT HOLMES BELL

        Defendant.
                                            /

## **O P I N I O N**

This matter is before the Court on Plaintiff Hun Dae Lee's Motion for Reconsideration and/or Relief from Order pursuant to W.D. MICH. LCIVR 7.4 and FED. R. CIV. P. 60(b)(1). On March 31, 2006, in a memorandum opinion and order, the Court granted Defendant John Putz, M.D.'s second motion to dismiss for lack of subject matter jurisdiction. *See* Memorandum Opinion and Order, March 31, 2006 (Docket #109). Although given ample opportunity to do so, Plaintiff failed to file, at any point during the litigation, a properly certified medical malpractice affidavit of merit as required by MICH. COMP. LAWS §§ 600.2102, 2912d(1). Mem. Op. and Order, March 31, 2006 at 4 (citing *Apsey v. Memorial Hosp.*, 266 Mich. App. 666, 676, 702 N.W.2d 870, 877 (2005)). Consequently, Plaintiff's Complaint was dismissed. *Id*. at 4-5. In his motion to reconsider, Plaintiff, for the first time, argues that under the *Erie* rule Michigan's affidavit of merit requirement for medical malpractice actions, M.C.L. § 600.2912d, does not apply in this federal diversity action. As

a result, Plaintiff contends that the Court should reconsider its previous decision dismissing the case. For the reasons that follow, Plaintiff's motion is denied.

I.

The relevant facts and procedural history are set forth in the Court's previous opinions in this matter. *See* December 10, 2003 Memorandum Opinion and Order (Docket #42); January 30, 2004 Memorandum Opinion and Order (Docket #61); March 31, 2006 Memorandum Opinion and Order (Docket #109). The Court's local rules provide that, in a motion for reconsideration "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a). After reviewing Plaintiff's motion, brief, and accompanying evidence, the Court finds that there is no reason to reconsider the Court's previous memorandum opinion and order. Plaintiff has failed to demonstrate a palpable defect by which the Court was mislead and has not shown that a different disposition of the case must result. W.D. MICH. LCIVR 7.4(a).[1]

Plaintiff contends that reconsideration is warranted because the Court erroneously applied Michigan's affidavit of merit statute, M.C.L. § 600.2912d, to dismiss his medical

---

[1]Defendant has filed a response to the motion for reconsideration. Under local rule 7.4(b), a response to a motion for reconsideration is not permitted unless requested by the Court. W.D. MICH. LCIVR 7.4(b). Given that Plaintiff's motion raises new arguments that have never been addressed previously by this Court and also seeks relief pursuant to FED. R. CIV. P. 60(b), if Defendant had not filed a response of its own accord, the Court would have requested it.

malpractice claim. Section 600.2912d requires that a plaintiff in a medical malpractice action "file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169." MICH. COMP. LAWS § 600.2912d(1). The affidavit of merit requirement is designed to prevent frivolous medical malpractice claims. *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 47, 594 N.W.2d 455, 466 (1999). In order to comply with § 600.2912d, an affidavit of merit from an out-of-state health professional must meet certain special certification requirements. *Apsey*, 266 Mich. App. at 676, 702 N.W.2d at 877. The Michigan Supreme Court has indicated that the filing of a complaint without complying with the statute is insufficient to commence a lawsuit and does not toll the statute of limitations. *Scarsella v. Pollak*, 461 Mich. 547, 549, 607 N.W.2d 711, 713 (2000). Plaintiff argues that the Michigan statute does not apply to this federal diversity action under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny.

At the outset, Plaintiff's argument that § 600.2912d does not apply in this case has never been asserted at any time prior to his present motion for reconsideration. A party is not permitted to raise new legal arguments on a motion for reconsideration that could have been raised earlier. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d 367, 374 (6th Cir. 1998); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend"); *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 404 (4th. Cir.

1998) ("a party should not be permitted to raise new arguments or legal theories of liability on a motion to alter or amend the judgment under Rule 59(e)"); *Martin v. A.O. Smith Corp.*, 931 F. Supp. 543, 550 (W.D. Mich. 1996) (McKeague, J.) (holding that motion for reconsideration is properly treated as a motion to alter or amend judgement under Fed. R. Civ. P. 59(e) and concluding that such a motion "is not appropriately used to advance arguments or theories that could and should have been raised prior to the Court's ruling."). For this reason alone, Plaintiff's motion to reconsider should be denied.

Secondly, even if the Court were to consider the merits of Plaintiff's new argument, it would not alter the Court's previous order dismissing his claim. In federal diversity actions, state law governs substantive issues and federal law governs procedural issues. *Erie R.R. Co.*, 304 U.S. at 78; *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002). The *Erie* rule, however, may not be "invoked to void a Federal Rule [of Civil Procedure]." *Hanna v. Plumer*, 380 U.S. 460, 470 (1965). If an issue is covered by the Federal Rules of Civil Procedure, the federal rule must be applied by the federal court sitting in diversity regardless of contrary state law. *Id.* at 471-74; *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 n. 7 (1996). Thus, under *Hanna*, a federal court sitting in diversity first must determine whether a Federal Rule directly "collides" with the state law sought to be applied. *Id.* If such a conflict exists, the Federal Rule applies if it is constitutional and within the scope of the Rules Enabling Act. *Gasperini*, 518 U.S. at 427 n. 7. If no direct conflict exists, then the

court applies the *Erie* rule to determine if state law should be applied. *Hanna*, 380 U.S. at 470.

In order to determine whether a Federal Rule "collides" with a state law, a federal court must consider whether the scope of the Federal Rule is "sufficiently broad to control the issue" before the court, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980), "thereby leaving no room for operation of the [state] law." *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987). The Federal Rules are to be given their plain meaning and are not to be construed narrowly to avoid a direct collision. *Walker*, 446 U.S. at 750 n. 9. By the same token, "a broad reading that would create significant disuniformity between state and federal courts should be avoided if the text permits." *Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 37-38 (1988). In addition, the Supreme Court has indicated that "[f]ederal courts have interpreted the Federal Rules [] with sensitivity to important state interests and regulatory policies." *Gasperini*, 518 U.S. at 427 n. 7.

Plaintiff argues that § 600.2912d directly conflicts with Federal Rule of Civil Procedure 8(a). Rule 8(a) provides in pertinent part, "a pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Based on this language, Plaintiff contends that Rule 8(a) and § 600.2912d are in conflict because the federal rule does not contain the additional requirement of filing an

affidavit of merit along with the complaint. Consequently, Plaintiff argues that the federal and state rule directly conflict, and thus, the federal rule controls and does not require the filing of an affidavit of merit to commence a medical malpractice action.

Plaintiff's argument is based upon the premise that Rule 8(a) and the federal rules governing commencement of a lawsuit apply to his complaint. This premise, however, is erroneous. The Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure *after* removal." FED. R. CIV. P. 81(c) (emphasis added). Plaintiff originally filed his complaint in Ingham County Circuit Court on March 4, 2003. *See* Pl.'s Compl., Ex. 1, Notice of Removal (Docket #1). Defendants then removed the case to this court, based on federal diversity jurisdiction, on April 21, 2003. By the terms of Rule 81(c), the federal rules only applied to Plaintiff's claim after it was removed to this Court. Therefore, at the time Plaintiff filed his complaint, he was required to comply with the rules governing the filing of a complaint in a state court in Michigan, including the affidavit of merit requirement. *See* MCR 2.112(L) ("In an action alleging medical malpractice . . . each party must file an affidavit as provided in MCL 600.2912d, 600.2912e."). Rule 8(a) and the federal rules had no application to his complaint and did not dictate the pleading requirements. Moreover, removal of the case to this Court did not relieve Plaintiff of the obligation to comply with the affidavit of merit requirement. *Cf. Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253, 257 (4th Cir. 1987) (holding that FED. R. CIV. P. 11 did not apply to filing a complaint in state court, "the [federal] rules . . . do not

6

apply to the filing of pleadings or motions prior to removal."); *Dravo Corp. v. White Consol. Indus.*, 602 F. Supp. 1136, 1139 (W.D. Pa. 1985) (applying state law on commencement of an action and tolling of statute of limitations after case removed to federal court); *Istituto Per Lo Sviluppo Economico Dell'Italia Meridionale v. Sperti Prods. Inc.*, 47 F.R.D. 310, 312 (S.D.N.Y. 1969) ("Only pleadings filed subsequent to removal must conform to the requirements of the federal rules."). Consequently, because Rule 8(a) had no application to Plaintiff's complaint filed in state court, there was no direct conflict between Rule 8(a) and the Michigan affidavit of merit requirement.

Even if the Court were to assume that Rule 8(a) might apply to Plaintiff's complaint, Plaintiff's motion would still fail. There is no direct conflict between § 600.2912d's affidavit of merit requirement and Rule 8(a). Rule 8(a) mandates the content of a complaint, requiring only a short and plain statement of the claim. FED. R. CIV. P. 8(a). The complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The filing of an affidavit of merit along with a complaint, as required by § 600.2912d, does not expand or conflict with Rule 8(a)'s minimal pleading requirements. In fact, the affidavit of merit requirement does not have any effect on the content of a plaintiff's complaint. A plaintiff may still plead the grounds for his claim in a short plain statement while also attaching an affidavit of merit that complies with § 600.2912d. Thus, there is no conflict between Rule 8(a) and § 600.2912d.

7

In support of his argument that Rule 8(a) and the affidavit of merit statute directly conflict, Plaintiff cites a recent case from the Eastern District of Michigan, *Jones v. Adams*, 411 F. Supp. 2d 701, 706-07 (E.D. Mich. 2006), holding that § 600.2912d is in direct conflict with Rule 8(a).  With all due respect, this Court cannot agree with the decision in *Jones*.  The *Jones* court gives an unnecessarily broad reading to Rule 8(a) that creates a conflict where none exists.  *See Stewart*, 487 U.S. at 37-38 ("a broad reading that would create significant disuniformity between state and federal courts should be avoided if the text permits.").  As stated previously, § 600.2912d does not preclude a plaintiff in a medical malpractice action from complying with Rule 8(a) by simply providing a short plain statement of the grounds for relief.  Moreover, as set forth more fully below, ultimately *Jones* is directly contrary to the "twin aims" of *Erie*, discouragement of forum shopping and avoidance of inequitable administration of the laws.  *Hanna*, 380 U.S. at 468.

A finding that the affidavit of merit statute does not conflict with the Federal Rules is also consistent with the decisions of other federal courts.  In *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000), the Third Circuit held that a New Jersey statute that required the filing of an affidavit of merit within 60 days of the defendant's answer did not conflict with Rule 8(a) or Rule 9.  The Court noted that the federal rule and the affidavit of merit statute were directed toward different purposes, Rules 8 and 9 were geared toward providing notice of the parties' claims and defenses, while the purpose of the affidavit of merit statute was to assure that malpractice claims that lacked expert support were terminated quickly.

8

*Chamberlain*, 210 F.3d at 160. Based upon the differing policies, the court held that the federal rules and the affidavit of merit statute could "exist side by side" without conflict. *Id.* The court also noted that the affidavit of merit statute did not effect what was included in the pleadings or the specificity of the factual claims, it merely assured that each malpractice claim had expert support. *Id.*[2]

Similarly, in *Clark v. Sarasota County Pub. Hosp. Bd.*, 65 F. Supp. 2d 1308 (M.D. Fla. 1998), the district court rejected plaintiff's argument that Florida's affidavit of merit statute directly conflicted with Rule 8(a). Relying on the Fifth Circuit's decision in *Woods v. Holy Cross Hosp.*, 591 F.2d 1164 (5th Cir. 1979) (holding that Florida's medical malpractice presuit mediation requirement must be enforced by the federal district courts in diversity cases), the court held that "refusing to apply the medical malpractice presuit requirements to out-of-state plaintiffs in a diversity action in federal court would not serve the legislative purpose underlying the statutory presuit requirements." *Clark*, 65 F. Supp. 2d at 1314. *See also Williams v. United States*, No. 4:01-CV-23, 2001 U.S. Dist. LEXIS 10454 (W.D. Mich. July 17, 2001) (Miles, S.J.) (holding, in a case arising under the Federal Tort Claims Act, that Michigan's pre-suit medical malpractice requirements, including

---

[2]Although the *Jones* court attempted to distinguish *Chamberlain* based upon the fact that, unlike the Michigan statute, the New Jersey affidavit of merit statute did not require the filing of the affidavit until 60 days after the filing of the answer, this Court does not find that this distinction is material. Furthermore, the Court also notes that, under both statutes, the failure to file a proper affidavit of merit results in dismissal. *See Dorris*, 460 Mich. at 47, 594 N.W.d at 466; N.J. Stat. Ann. 2A:53A-29.

§ 600.2912d, do not conflict with any federal rule or regulation); *Finnegan v. Univ. of Rochester Med. Center*, 180 F.R.D. 247 (W.D.N.Y. 1998) (holding that state statute requiring that medical malpractice complaint be accompanied by certificate of merit was substantive law that applied in federal diversity action); *Thompson ex rel. Thompson v. Kishwaukee Valley Medical Group*, 1986 WL 11381 (N.D. Ill. Oct. 6, 1986) (holding that Illinois statute requiring the attachment of an affidavit of merit to a complaint alleging medical malpractice did not conflict with Federal Rules 8, 9, or 11).[3]  Numerous other courts have held that various state laws designed to screen medical malpractice claims at an early stage of litigation do not conflict with the Federal Rules and apply in federal court. *See e.g. Ellingson v. Walgreen Co.*, 78 F. Supp. 2d 965 (D. Minn. 1999) (holding that a state statute requiring an expert review affidavit and an expert disclosure affidavit in a medical malpractice case did not conflict with Federal Rule 26(a), were substantive in nature, and, therefore applied in federal court); *Hill v. Morrison*, 870 F. Supp 978 (W.D. Mo. 1994) (holding that Missouri statute requiring the filing of an affidavit of merit within 90 days of filing medical malpractice complaint "goes beyond Rule 11" but did not directly conflict with a federal

---

[3]The Court recognizes that two federal district courts in Georgia have held that a state statute requiring a plaintiff to file an affidavit of merit in a malpractice action directly collided with Federal Rule 8.  *See Baird v. Celis*, 41 F. Supp. 2d 1358, 1360-61 (N.D. Ga. 1999); *Boone v. W.R. Knight III*, 131 F.R.D. 609 (S.D. Ga. 1990) (refusing to apply state statute requiring expert affidavit of merit in a professional malpractice case because it directly conflicts with Rule 8's notice pleading standard).  The Court respectfully declines to follow the *Baird* and *Boone* decisions and finds that the cases finding no conflict between state affidavit of merit statutes and the federal rules are better reasoned and persuasive.

rule); *Connolly v. Foudree*, 141 F.R.D. 124, 127-28 (S.D. Iowa 1992) (holding that Iowa statute mandating disclosure of expert witness in a medical malpractice case did not conflict with Federal Rule 26 and noting "the great weight of authority favors application in federal court of state laws requiring screening or arbitration of malpractice claims before they may be tried.") (collecting cases).

Because there is no conflict between § 600.2912d and the Federal Rules, the Court applies the *Erie* rule to determine if the state law should apply. *Hanna*, 380 U.S. at 470. In applying *Erie*, the objective is "to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109 (1945). With this principle in mind, it is clear that § 600.2912d is substantive in nature. *See Chamberlain*, 210 F.3d at 161 (concluding that analogous affidavit of merit statute was substantive and applied in federal court); *Williams*, 2001 U.S. Dist. LEXIS 10455, *15 ("Michigan's requirement of an Affidavit of Merit is indeed substantive in nature."). The failure to comply with the affidavit of merit statute results in dismissal and fails to toll the statute of limitations. *See Dorris*, 460 Mich. at 47, 594 N.W.2d at 466; *Geralds v. Munson Healthcare*, 259 Mich. App. 225, 240, 673 N.W.2d 792, 800 (2003). Furthermore, because the purpose of the statute is to prevent frivolous

11

medical malpractice actions, *Dorris*, 460 Mich. at 47, 594 N.W.2d at 466, it is clear that the Michigan legislature sought to effect substantive outcomes.

The failure to apply § 600.2912d in federal court would also encourage forum shopping and lead to inequitable administration of the laws. *Hanna*, 380 U.S. at 468 ("The 'outcome-determination' test therefore cannot be read without reference to the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws."). If the federal court did not apply the affidavit of merit requirement, a plaintiff could simply circumvent the application of the statute by avoiding state court and filing his claim in federal court. This is the very type of forum shopping *Erie* sought to avoid. More importantly, failure to apply § 600.2912d would result in inequitable administration of the laws. If the federal court did not apply the statute, a situation would result in which a defendant in federal court would be forced to engage in additional litigation and expense in a non-meritorious malpractice suit simply because the plaintiff was from a different state. *Chamberlain*, 210 F.3d at 161. Furthermore, a non-diverse plaintiff in state court would be required to comply with the statute, while a plaintiff in federal court would avoid the statute simply because he is a citizen of a different state. *See Kanouse v. Westwood Obstetrical and Gynecological Assocs.*, 505 F. Supp. 129, 131 (D. N.J. 1981) ("[I]t would be fundamentally unfair to subject one set of plaintiffs to the Rule but not another set solely because of the fortuity of diversity of citizenship."). This is precisely the type of unfairness *Erie* sought to eliminate:

> *Erie* and its progeny make clear that when a federal court sitting in a diversity case is faced with a question of whether or not to apply state law, the importance of a state rule is indeed relevant, but only in the context of asking *whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court.*

*Hanna*, 380 U.S. at 468 n. 9 (emphasis added). Therefore, the Court holds that § 600.2912d is properly applied in a federal diversity action. Accordingly, Plaintiff has failed to demonstrate a palpable defect in the Court's previous opinion that would require a different disposition. Plaintiff's motion for reconsideration is denied.

Plaintiff also seeks relief from the Court's March 31, 2006 Order pursuant to FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) permits a court to a relieve a party from a final judgment, order, or proceeding based upon mistake, inadvertance, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Plaintiff contends that, in his response to Defendant's motion to dismiss, he intended to attach an affidavit of merit from Keith Hollingsworth, M.D., filed in a state court matter, but instead, due to a mistake, attached Defendant's affidavit of meritorious defense. A review of the record in this case indicates that Plaintiff's claim of mistake is erroneous. Although in support of the present motion Plaintiff has attached a copy of his response to the motion to dismiss that purportedly contains the mistakenly attached affidavit of meritorious defense, the Court's docket indicates that these were not the documents filed with the Court. *Compare* Exhibit 12, Pl.'s Mot. to Reconsid., Docket #111, *with* Pl.'s Res.

Br. and Affidavit of Merit, Docket #93, 94. Plaintiff did not mistakenly attach the affidavit of meritorious defense to his response, rather he attached the affidavit of merit that he specifically referred to in his response brief. Pl.'s Res. Br. at 3, Docket #93, Dr. Hollingsworth's Aff., Docket #94. Plaintiff did not make a mistake or inadvertently file the wrong affidavit. Consequently, Plaintiff has failed to show that Rule 60(b)(1) is applicable to this case and has not offered any reason to grant him relief. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.").

Accordingly, Plaintiff's Motion for Reconsideration and/or for Relief from Order is denied. An order will be entered consistent with this opinion.

Date:    June 27, 2006            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE